UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TALLY COLOMBE,<br>ELNITA RANK,<br>KRISTAL HAWK,<br>RONDA HAWK,<br>TIFFANY MONTEAU, and<br>STEFEN MONTEAU,<br><br>Defendants. | 3:18-CR-30013-RAL<br><br>OPINION AND ORDER DENYING<br>MOTIONS TO SEVER |

The United States indicted Tally Colombe, Elnita Rank, Kristal Hawk, Ronda Hawk, Tiffany Monteau, and Stefen Monteau (Defendants, collectively, and referred to by their first names individually) for conspiracy to retaliate against a witness in violation of 18 U.S.C. §§ 1513(e) and (f). Doc. 1. The indictment charged that: "From on or about September 8, 2017, and continuing through on or about September 12, 2017, . . . [Defendants] did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree among themselves and each other to commit a certain offense, as follows: to knowingly take action harmful to Lahoma Simmons, which interfered with the lawful employment and livelihood of Lahoma Simmons, such conduct being taken with the intent to retaliate against Lahoma Simmons for proving to a law enforcement officer truthful information relating to the commission and possible commission of a federal offense, namely program fraud and wire fraud . . . ." Doc. 1. In July, this Court entered a Scheduling Order setting a trial of all the Defendants to begin on October 30, 2018. Doc. 134.

1

Elnita on October 16, 2018, filed a motion to sever, Doc. 146, seeking relief from what she views as prejudicial joinder under Federal Rule of Criminal Procedure 14(a) and seeking to sever Tally and Tiffany's trials from that of the rest of the codefendants. Doc. 147 at 3. Shortly after Elnita filed her motion, Tally, Tiffany, Stefen, Ronda, and Kristal filed motions to sever or responses joining in Elnita's motion to sever. Docs. 150, 152–54, 156. The government's response opposed Defendants' motions to sever and provided information about the content of the recorded phone conversations at issue and the government's expected evidence at trial. Doc. 173. For the reasons explained below, Defendants' motions are denied.

Rule 14(a) of the Federal Rules of Criminal Procedure permits relief from prejudicial joinder as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "The general rule is that co-conspirators should be tried together." United States v. Adams, 401 F.3d 886, 895 (8th Cir. 2005) (citation omitted). In conspiracy cases, "severance will rarely, if ever, be required." United States v. Searing, 984 F.2d 960, 965 (8th Cir. 1993). The Supreme Court has instructed that "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro v. United States, 506 U.S. 534, 540 (1993). Rather, a district court is to grant a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. A defendant attempting to demonstrate the requisite prejudice under Rule 14(a) "carries a heavy burden." United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010) (quoting United States v. Swinney, 970 F.2d 494, 500 (8th Cir. 1992)). The defendant may meet this burden by showing that "(a) his

[or her] defense is irreconcilable with that of his [or her] codefendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." United States v. Sanchez-Garcia, 685 F.3d 745, 754 (8th Cir. 2012) (quoting United States v. Davis, 534 F.3d 903, 916–17 (8th Cir. 2008)). "Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.'" Davis, 534 F.3d at 917 (quoting United States v. Mickelson, 378 F.3d 810, 817–18 (8th Cir. 2004)).

Elnita and in turn other defendants argue that severance is warranted under Rule 14(a) because trying certain codefendants alongside Tally and Tiffany would violate their rights under the Sixth Amendment of the United States Constitution. According to the Defendants, codefendants Tally and Tiffany made statements incriminating other codefendants during phone conversations recorded by the Hughes County Jail at a time when Tally was an inmate there. Defendants expect that the government will introduce these recorded statements as evidence against them at trial. Relying on Bruton v. United States, 391 U.S. 123 (1968), Defendants contend that unless Tally and Tiffany testify and are subject to cross-examination, the admission of these incriminating statements would violate the other codefendants' right of confrontation under the Sixth Amendment.

The Supreme Court in Bruton held that the admission of a non-testifying codefendant's confession naming the defendant as a participant in the crime at their joint trial violated the defendant's rights under the Confrontation Clause of the Sixth Amendment, even though the jury was instructed to consider the confession only against the codefendant. Id. at 126. The Supreme Court reasoned that although it is often appropriate to assume that a jury will follow a trial judge's limiting instructions, "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the

3

practical and human limitations of the jury system cannot be ignored." Id. at 135. The Supreme Court concluded that one such context was "where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial." Id. at 135–36.

The Supreme Court clarified the scope of Bruton in Richardson v. Marsh, 481 U.S. 200 (1987), and Gray v. Maryland, 523 U.S. 185 (1998). In Richardson, the Supreme Court held that there is no Confrontation Clause violation when the defendant's name and existence are redacted from his codefendant's confession and limiting instructions are given, even though the confession might incriminate the defendant when linked to other evidence. 481 U.S. at 211. The Supreme Court reasoned that unlike the confession in Bruton, which "expressly implicat[ed]" the defendant, the confession in Richardson was not facially incriminating and therefore did not raise the same "overwhelming probability" that the jury would be unable to follow a limiting instruction. Id. (alteration in original). In Gray, however, the Supreme Court held that "obvious" redactions of a codefendant's statement, like substituting the defendant's name with a blank space or the word "deleted," may violate a defendant's rights under the Confrontation Clause, despite the use of a limiting instruction. Gray, 523 U.S. at 195 ("[W]e believe that, considered as a class, redactions that replace a proper name with an obvious blank, the word 'delete,' a symbol, or similarly notify the jury that a name has been deleted are similar enough to Bruton's unredacted confessions as to warrant the same legal results.").

The government argues that the Defendants' rights under the Sixth Amendment Confrontation Clause will not be violated if the recorded telephone calls are admitted, even without redaction, because the statements are non-testimonial. The government, with justification given how the content of the calls are described, views the jail house telephone calls between Tally and

Tiffany as evidence of the formation of the alleged conspiracy and discussions to further the conspiracy, making specific references to actions to be taken against Simmons.

"[T]he Confrontation Clause does not apply to non-testimonial statements by an out-of-court declarant." United States v. Spotted Elk, 548 F.3d 641, 662 (8th Cir. 2008) (citing Davis v. Washington, 547 U.S. 813, 823–26 (2006)). A recorded telephone call from jail does not fall within the Confrontation Clause unless its primary purpose was testimonial. United States v. LeBeau, 867 F.3d 960, 980–81 (8th Cir. 2017); see United States v. Berrios, 676 F.3d 118, 127–28 (3d Cir. 2012) (recorded conversations between inmates were not testimonial where statements bore none of the characteristics of a testimonial statement); United States v. Dale, 614 F.3d 942, 956 (8th Cir. 2010) (recorded statements codefendant made to prisoner who was wearing a wire were non-testimonial under the circumstances); United States v. Castro-Davis, 612 F.3d 53, 65 (1st Cir. 2010) (knowledge by the declarant that a phone call is being recorded does not make the statements testimonial). In Lebeau, for instance, the Eighth Circuit held that even though the defendant knew the telephone calls he made from jail were being recorded, the statements were non-testimonial because "the primary purpose of the calls was to further the drug conspiracy, not to create a record for a criminal prosecution." 867 F.3d at 981; see Crawford v. Washington, 541 U.S. 36, 56 (2004) (co-conspirators' statements in furtherance of a conspiracy are non-testimonial). The court further held that, because the statements were non-testimonial, "the recordings [did] not implicate the Confrontation Clause, and the district court did not err in denying [the codefendant's] motion to sever." LeBeau, 867 F.3d at 981. Therefore, "when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and Bruton are not implicated." Mickelson, 378 F.3d at 819.

Based on what the Defendants and the government have represented the content of the recorded phone conversations to be, these conversations appear to be admissible under Rule 801(d)(2)(E). The recorded phone conversations are not the sort of co-defendant's confession or testimonial statement with which Bruton was concerned. Instead, the recorded statements, if they are what in fact has been described to the Court, capture the start of the alleged conspiracy with Tally requesting Tiffany to arrange for actions to be taken against Simmons, discussions of by whom and how to do so, and Tiffany's report back to Tally on what was done. Of course, the evidence may be to the contrary and may support Elnita's defense that her actions related to unpaid utility bills.

The government still must "establish[] the existence of a conspiracy by a preponderance of independent evidence" at trial for admission under Rule 801(d)(2)(E). United States v. Singh, 494 F.3d 653, 658–59 (8th Cir. 2007); see United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978) (outlining the procedure for admitting evidence under Rule 801(d)(2)(E)). The government, if the facts are as outlined in the government's response, appears likely to meet that standard. For the reasons explained herein, Defendants' motions and requests for a severance under Rule 14(a) are denied.

For the reasons explained above, it is hereby

ORDERED that Elnita's Motion to Sever, Doc. 146, is denied. It is further

ORDERED that Ronda's Motion to Sever, Doc. 153, is denied. It is further

ORDERED that Stefen's Motion to Sever, Doc. 154, is denied. It is finally

ORDERED that other Defendants' requests to sever are denied.

DATED this 24th day of October, 2018.

        BY THE COURT:

        */s/ Roberto A. Lange*
        ROBERTO A. LANGE
        UNITED STATES DISTRICT JUDGE